In the Matter of the Probate of the Will of ETHEL K. GARFIELD, Deceased. JEROME P. WEISS, Appellant; NAOMI TRATMAN et al., Respondents.

First Department, June 20, 1968.

*Irving J. Roth* for appellant.

*I. Russell Stein* of counsel (*Irwin D. Jackson* with him on the brief; *Bondy & Schloss*, attorneys), for respondents.

RABIN, J. In this probate proceeding the appellant submitted various objections. His appearance was filed as " Jerome P. Weiss designated in the petition for probate as the former spouse of Ethel K. Garfield, deceased, but in fact her surviving husband with whom she lived as his wife until the date of her death. "

The preliminary executors moved to vacate the appearance, claiming in effect that appellant had no standing, since the ceremonial marriage between the decedent and the appellant was invalid. The facts relating thereto are as follows: Appellant and decedent entered into a ceremonial marriage on October 25, 1949. However, prior thereto the appellant had been divorced by his then wife on the ground of adultery. Under the decree of divorce, and pursuant to section 8 of the Domestic Relations Law (now repealed) the appellant was forbidden to remarry in this State during the lifetime of the former wife, unless court permission was first obtained. The ceremonial marriage between the decedent and the appellant was concededly entered into without permission. Upon the papers submitted on the motion to vacate the appellant's appearance, the Surrogate in effect found that an issue of fact existed as to whether appellant's first wife was living on the date of the ceremonial marriage between the decedent and the appellant. A hearing was ordered on that limited issue.

Subsequent to that order the appellant, in effect, moved for a rehearing. The object was to broaden the hearing ordered by the Surrogate to include evidence of a common-law marriage.

This motion for rehearing was based upon additional evidence. While, indeed, certain of this new evidence had been presented by letter on the original motion, there is no indication as to whether the Surrogate gave it consideration. The additional evidence was to support the appellant's position, that even if the ceremonial marriage was void, nevertheless the parties were validly married by virtue of a common-law marriage consummated in Florida. Appellant offered to prove, as some evidence that a common-law marriage was entered into in Florida, the fact that the parties had held themselves out as husband and wife, and were recognized by all persons who had contact with them, as husband and wife.

The Surrogate denied the motion for rehearing, holding that under Florida law, " the basis of a common law marriage is an agreement and it is inconceivable that a husband who is under the impression he was validly married to his present wife because of the death of his first wife could be a party to a common law marriage. If he is honest in his contention that his ceremonial marriage was authentic, he could not possibly be a party to a new agreement requiring the present consent, *per verba de praesenti*, necessary to establish a common law relationship. "

The Surrogate, in reaching his conclusion relied upon *Matter of Makaroff* (25 A D 2d 737, app. dsmd. 18 N Y 2d 746). In that case the respondent sought to prove a common-law marriage in Florida only after having first claimed a common-law marriage in the Virgin Islands. The effort to prove such common-law marriage was not made until after the death of a material witness, and after petitioner had moved for judgment vacating the notice of election. This court held that it would be prejudicial to allow the additional proof, since, as indicated, the material witness, who could have testified to negate the Florida marriage, had died. This court's opinion thus turned on the question of prejudice.

In the case under consideration the Surrogate, in effect, treated the motion to vacate the appearance as in the nature of summary judgment. As such, he found that there were no triable issues raised with respect to whether a common-law marriage had been entered into.

We cannot agree. We believe that sufficient has been shown to raise a triable issue. While the appellant may have taken inconsistent positions at various times during this proceeding, nevertheless he should not be precluded from proving that the relationship, which existed between himself and the decedent for 17 years, was not an illicit one, but was based upon a valid,

recognized common-law marriage. While he might have believed that the ceremonial marriage was valid, nevertheless, at least under the circumstances here, it is not beyond possibility that he entered into a subsequent common-law marriage. The failure of the appellant to allege in his affidavits " present consent, *per verba de praesenti,* necessary to establish a common law relationship ", is not dispositive here, where prior to the asserted common-law marriage, the parties went through a ceremonial marriage. Indeed, such is the holding of *Matter of Weisel* v. *National Transp. Co.* (14 A D 2d 621). In that case, (as in this) at the time the parties were married, the husband was prohibited from entering into such marriage unless he had court permission. His wife was unaware of this impediment, and at all times since the ceremony believed herself to be the decedent's wife. The wife made a claim in workmen's compensation on the basis of a common-law marriage consummated in Florida in 1951–1952 (17 to 18 years after the ceremony). The court upheld the validity of the asserted common-law marriage, based upon the " continued cohabitation under an assumed valid but, in fact, invalid, ceremonial marriage. " (*Matter of Weisel* v. *National Transp. Co., supra,* p. 622.) The court, in the *Weisel* case, referred to *Jones* v. *Jones* (119 Fla. 824) where the husband entered into a bigamous marriage, ignorant of the fact that his " wife " was then still married. The court, there, held: " in order to uphold the legitimacy of the children of the relationship, that upon the death of the wife's first husband a valid common-law marriage was created solely by the continued cohabitation as husband and wife after the removal of the impediment. " (*Matter of Weisel* v. *National Transp. Co., supra,* p. 622.) That case is quite analogous to the situation before this court. There, the impediment was removed when the wife's first husband died. Here, the impediment was removed when the parties moved to Florida. In Florida they were free to contract a marriage, whether by way of legal ceremony, or by virtue of a common-law relationship. Hence, the continued cohabitation between the parties in Florida, after the ceremonial marriage, could, upon proper proof, form the basis for a valid common-law marriage, as it did in the *Weisel* case (*supra*). Other New York cases have reached similar results, giving evidentiary weight, as far as the parties' intent to be husband and wife is concerned, to the invalid ceremonial marriage. (*Matter of Haffner,* 254 N. Y. 238; *Matter of Dellaca* v. *Hughes Constr. Co.,* 11 A D 2d 828.) Indeed, in several of the cases, courts have upheld the asserted common-law marriage, although it would appear that the parties believed the prior

invalid ceremonial marriage to be valid. (*Matter of Farber v. U. S. Trucking Co.*, 24 A D 2d 740, app. dsmd. 19 N Y 2d 748; *Matter of Singer*, 138 N. Y. S. 2d 740.)

In this case we have additional facts which require further inquiry into the basis of the cohabitation between the parties. Several years after the ceremonial marriage the decedent initiated an annulment proceeding. Such proceeding was initiated, apparently, because decedent learned of the appellant's impediment to marriage and, also, because decedent thought that the prior wife was living. While that proceeding was discontinued, nevertheless the decedent, a short time thereafter, obtained an ex parte divorce from appellant in Nevada. Nevertheless, after such divorce, and for a period of about 13 years thereafter, the parties lived together, holding themselves out as husband and wife. As stated, the basis for their continued relationship requires further inquiry.

We conclude that there exists a triable issue of fact as to whether this 17-year cohabitation between the decedent and the appellant was pursuant to a valid and recognized common-law marriage. At this stage in the proceedings the appellant should not be precluded from proving the validity of the asserted marriage.

Accordingly, the order entered January 15, 1968 should be modified on the law, the facts, and in the exercise of discretion, without costs to either party, to grant the motion of the appellant and to broaden the hearing ordered by the Surrogate to allow proof of a common-law marriage.

STEUER, J. P., TILZER, McGIVERN and McNALLY, JJ., concur.

Order entered on January 18, 1968, unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of granting appellant's motion and to broaden the hearing ordered by the Surrogate to allow proof of a common-law marriage, and, as so modified, affirmed, without costs or disbursements to either party.